415 So.2d 746 (1982)
Jack Andrew McELVEEN, Appellant,
v.
STATE of Florida, Appellee.
No. AD-262.
District Court of Appeal of Florida, First District.
May 18, 1982.
Rehearing Denied July 1, 1982.
*747 Michael E. Allen, Public Defender, Nancy A. Daniels, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
McElveen appeals from judgments and sentences imposed for burglary with assault, and sexual battery by the use of physical force not likely to cause serious personal injury. He urges three points on appeal. We reverse in part as to his first point and affirm the remaining two.
As to Point I, the appellant argues that the trial court erred in excluding the appellant's proffered evidence concerning the victim's prior sexual activities and reputation in the community for unchastity. He contends that this evidence tended to establish a pattern of conduct which was legally relevant to the issue of consent in accordance with Section 794.022(2), Florida Statutes (1979).
The defense's proffered testimony indicated that the victim was an unchaste woman. Most of this evidence revealed that the victim had a reputation for promiscuity. Such evidence consisted of the victim's having adulterous affairs, picking up strange men at bars, and making dates with truck drivers over a C.B. radio. One witness saw the victim leave local bars with strangers. There was additional evidence relating to specific instances of sexual conduct in which one local citizen admitted having a sexual relationship with the victim a year before the alleged crime, and another testified she had seen the victim in bed with her ex-husband on two separate occasions. The trial court declined the admission of the proffered evidence, but permitted testimony revealing that co-defendant Watt, also charged with aiding and abetting the sexual battery, participated in a sexual encounter with the victim the night before the alleged crime.
The appellant's proffer actually involves two types of evidence: hearsay/reputation evidence and evidence of specific sexual conduct. At common law the former type of evidence was admissible into evidence. See Thomas v. State, 249 So.2d 510 (Fla. 3d DCA 1971). Section 794.022(2), Florida Statutes (1979), provides:
Specific instances of prior consensual sexual activity between the victim and any person other than the offender shall not be admitted into evidence in prosecutions under S. 794.011; however, when consent by the victim is at issue, such evidence may be admitted if it is first established to the court outside the presence of the jury that such activity shows such a relation to the conduct involved in the case that it tends to establish a pattern of conduct or behavior on the part of the victim which is relevant to the issue of consent.

(e.s.) A commentator has suggested that the omission of hearsay/reputation evidence from the statute requires that the common law be followed. See, Note, Florida's Sexual Battery Statute: Significant Reform But Bias Against the Victim Still Prevails, 30 U.Fla.L.Rev. 419, 432-433 (1978).
The Florida Evidence Code has not changed the law in this respect. Section 90.404(1)(b)(1) provides:
(1) Character evidence generally.  Evidence of a person's character or a trait of his character is inadmissible to prove that he acted in conformity with it on a particular occasion, except:
* * * * * *
(b) Character of the victim. 
(1) Except as provided in s. 794.022, evidence of pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the trait; ... .
*748 We therefore conclude that evidence relating to the victim's reputation as to unchaste conduct should have been admitted, and its exclusion constitutes reversible error.
Section 794.022 does, however, bar evidence of specific sexual acts unless that evidence establishes a pattern of conduct relevant to the issue of consent. Hodges v. State, 386 So.2d 888 (Fla. 1st DCA 1980). There, we held that one isolated act of premarital sex did not constitute a "pattern of conduct" within the meaning of Section 794.022(2). Although the proffered testimony in this case does reveal three specific instances of sexual activity, that evidence is not so repetitive or frequent as to establish a "pattern of behavior." Accordingly, we agree that the lower court did not err in refusing to admit such testimony into evidence.
As to Point II, the appellant argues that the trial court erred in allowing the state, over the defense counsel's objection, to introduce prior consistent statements of co-defendant Watt because there was no indication of improper influence, motive, or recent fabrication in Watt's testimony during his cross-examination. We disagree. Although the general rule is that the witness's testimony cannot be corroborated by a prior consistent statement, McRae v. State, 383 So.2d 289, 292 (Fla. 2d DCA 1980), the Florida Evidence Code, following the common law, has recognized exceptions to this rule. The exception pertinent to this issue is provided in Section 90.801(2)(b), Florida Statutes, stating:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing in a subject to cross-examination concerning the statement and the statement is:
* * * * * *
(b) Consistent with his testimony and is offered to rebut an expressed or implied charge against him of improper influence, motive, or recent fabrication . .. .
The exception involving impeachment by bias or corruption or improper motive is only applicable where the prior consistent statement was made "prior to the existence of a fact said to indicate bias, interest, corruption, or other motive to falsify." Kellam v. Thomas, 287 So.2d 733, 734 (Fla. 4th DCA 1974) (e.s.). Here, the record establishes that defense counsel emphasized that Watt was not sentenced until just before the trial held in February, 1981, thereby suggesting that Watt had an unfair bias and that sentencing was being held off to assure his favorable testimony for the state. The pretrial statements were made, however, prior to his sentencing in August of 1980, and were entirely consistent with his trial testimony, and so fall within the exception to the general rule.
Although this case must be retried, we consider it appropriate, should appellant be once again convicted for the offenses of burglary and sexual battery, to address his third point which contends, relying upon McRae v. State, 383 So.2d 289 (Fla. 2d DCA 1980) and Faison v. State, 399 So.2d 19 (Fla. 3d DCA 1981), rev. granted, nos. 60,782 & 60,792 (Fla. orally argued April 13, 1982), that he could not be sentenced for both burglary with assault and sexual battery since the latter sentence is duplicative as a matter of law. We disagree. Both McRae and Faison cited State v. Pinder, 375 So.2d 836 (Fla. 1979), for the position that separate convictions for burglary with assault and sexual battery could not be imposed on the ground that double jeopardy considerations preclude multiple convictions and punishments at the same trial for both the primary and underlying felonies. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981), receded from Pinder to the extent that the latter proscribed the imposition of multiple convictions and, reiterating the test supplied by Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), further observed that double jeopardy presents no bar to multiple convictions and punishments if one offense requires proof of an element that the other does not. Id. at 1345. The court, however, concluded that Section 775.021(4), Florida Statutes (1977), forbade separate sentences for both the primary and underlying felonies arising from a single criminal transaction.
*749 It clearly appears from the above that there is no constitutional inhibition to the state's imposition of separate convictions for the offenses of burglary with assault and sexual battery by using physical force not likely to cause serious personal injury. The only remaining question is whether sexual battery is a lesser included offense to burglary with assault, and, as such, one whose punishment may not be imposed due to the proscriptive language of Section 775.021(4). We conclude that sexual battery is not, under the circumstances of this case, an underlying felony or a lesser included offense to burglary with assault. It cannot be considered a necessarily included offense to that of burglary with assault because assault does not necessarily include as an element to its commission a battery. Thus, the two offenses contain mutually exclusive elements. See 6 Am.Jur.2d Assault and Battery, § 7 (1963).
Nor can it be considered an offense that may be included, depending on the allegations in the accusatory instrument and the proof presented at trial. In regard to the latter category of lesser offenses, Brown v. State, 206 So.2d 377, 383 (Fla. 1968), explains that "the trial judge must [first] examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged." The trial judge in the instant case appropriately followed Brown's directions. Count I of the information charges that McElveen unlawfully entered the dwelling of the victim "with intent to commit ... a sexual battery and during the commission of the burglary made an assault" on her.
Although the allegations charge that defendant entered the dwelling with intent to commit a sexual battery, they do not state that he assaulted the victim by committing a sexual battery. This is a crucial distinction, since an assault can be carried out in many ways other than by a sexual battery. Brown offers the following example to clarify this type of category: If a defendant were charged simply with assault with intent to commit robbery, the allegations of the primary offense would not reveal aggravated assault to be a lesser included offense to the greater. Id. at 383. However, if the defendant were charged with assault with a deadly weapon with intent to commit robbery, then aggravated assault would be appropriately included  provided proof were established that a deadly weapon was in fact used. Id.
Our conclusion that sexual battery is not a lesser offense to burglary with assault is further bolstered by reference to the recently approved Schedule of Lesser Included Offenses in Florida Standard Jury Instructions in Criminal Cases (1981). The schedule does not list sexual battery in any category as a lesser included offense to burglary. The stated purpose of the schedule's adoption by the Supreme Court was to provide "as complete a listing as possible for each criminal offense of the possible category 3 and category 4 lesser included offenses [those lesser offenses that were categorized by Brown as necessarily or permissively lesser included offenses, respectively], which we direct to be renumbered category 1 and category 2." In re: Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases and Standard Jury Instructions in Misdemeanor Cases, 6 FLW 305, 306-307 (Fla., April 16, 1981) (Nos. 56,734 and 58,799). The court later referred to the schedule as an attempt to guide "the trial courts with greater clarity and certainty than the `category four' concept of Brown." Borges v. State, 415 So.2d 1265 (Fla., 1982) (7 FLW 172, 173).[1] Thus, for the reasons stated, there would appear to be no bar to the separate imposition of both convictions and punishments for the offenses of burglary with assault and sexual battery.
*750 Affirmed in part, reversed in part, and remanded for new trial.
BOOTH and THOMPSON, JJ., concur.
NOTES
[1] In Borges, the court held that neither the crimes of possession of burglary tools nor of carrying a concealed firearm were lesser offenses of burglary or of possession of a firearm by a convicted felon, respectively.