FRANK D. UPCHURCH, Jr., Judge.
Appellant appeals from his convictions for attempted sexual battery and false imprisonment.
We affirm the judgment as to attempted sexual battery but reverse the judgment of conviction for false imprisonment.
In Faison v. State, 426 So.2d 963 (Fla.1983), the supreme court approved of the following test to determine whether the detention of a victim of a sexual battery also constitutes a separate crime of kidnapping: [1]
[I]f a taking or confinement is alleged to have been done to facilitate the commission of another crime, to be kidnapping the resulting movement or confinement:
(a) Must not be slight, inconsequential and merely incidental to the other crime;
(b) Must not be of the kind inherent in the nature of the other crime; and
(c) Must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.
426 So.2d at 965.
The victim in the case before us voluntarily accompanied appellant in his automobile. Until the attempted sexual battery commenced, the victim had made no attempt to leave and was not restrained. While she was confined in the front seat of the car during the course of the event, all confinement was incidental to the attempted sexual battery. See Simpkins v. State, 395 So.2d 625 (Fla. 1st DCA 1981); Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980).
AFFIRMED in part and REVERSED in part.
ORFINGER, C.J., and COWART, J., concur.

.Section 787.02, Florida Statutes (1981), dealing with the crime of false imprisonment provides:
(l)(a) “False imprisonment” means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in § 787.01.
Section 787.01, Florida Statutes (1981), defines the crime of kidnapping and provides in relevant part:
(l)(a) ‘Kidnapping’ means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4.Interfere with the performance of any governmental or political function, (emphasis added)
Appellant argues that since the crime of false imprisonment excludes confinement or detention for the purpose of committing or facilitating commission of any felony, appellant could not be charged with or convicted of the crime since the evidence reveals that appellant confined the victim solely for the purpose of committing or facilitating the commission of an attempted sexual battery, a felony.
False imprisonment has been held to be a lesser included offense of kidnapping. Cabe v. State, 408 So.2d 694 (Fla. 1st DCA 1982). See also Mills v. State, 407 So.2d 218 (Fla. 3d DCA 1981). We need not rule on appellant’s point at this time for it is clear that whether false imprisonment or kidnapping, the confinement was incidental to the offense of attempted sexual battery.