470 So.2d 836 (1985)
John PRESTON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2018.
District Court of Appeal of Florida, Second District.
June 12, 1985.
Douglas A. Wallace, Bradenton, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellee.
OTT, Acting Chief Judge.
A jury found appellant guilty of the crime of sexual battery. Because we find the trial court erred in admitting prejudicial hearsay testimony, we reverse and remand for a new trial.
In the afternoon of September 10, 1983, the prosecutrix and her boyfriend went to a restaurant in Bradenton for dinner. After dinner and several drinks, the couple went to another restaurant and bar located below the radio station where the boyfriend was employed. The boyfriend left the prosecutrix in the bar to wait until he completed certain work in the radio station. While waiting, she met appellant and they conversed over several drinks. The prosecutrix left the bar two or three times to look for her boyfriend. They apparently "missed connections" so she accepted appellant's offer to take her home. On the way, they stopped at the Elks Club, where more drinks were consumed. They remained there until the club closed. Although the testimony is somewhat conflicting, it appears that appellant and the prosecutrix left the club some time between 1:00 and 1:45 a.m. Appellant did not remember leaving the club or any events that happened later that evening. The prosecutrix claimed that after they left the club in appellant's van, he forced her to perform oral sex upon him. When the van stopped at a traffic light or stop sign, she jumped out and ran to the nearest house, where she reported the offense to the occupants, *837 who then called the police.[1] Shortly after 2:00 a.m., an officer arrived to investigate the report. During this investigation, the prosecutrix told the officer about the alleged offense. Later, around 3:00 a.m., the officer took the prosecutrix to her home, which she shared with her boyfriend. She then told the boyfriend what had happened.
Both the officer and the boyfriend described the prosecutrix as "nervous" and "upset" when she told them of the offense. The officer also testified that she appeared "very intoxicated." The testimony of the investigating officer and the boyfriend corroborated the prosecutrix' testimony at trial.
Over defense objection, the trial court permitted the investigating officer and the prosecutrix' boyfriend to recount the prosecutrix' prior consistent statements concerning the details of the alleged offense. This testimony was clearly hearsay. § 90.801(1)(c), Fla. Stat. (1983). While section 90.801(2)(b), Florida Statutes (1983), provides that a prior consistent statement is not objectionable if it is offered to rebut an express or implied charge of improper influence, motive, or recent fabrication, the statement must have been made "prior to the existence of a fact said to indicate bias, interest, corruption, or other motive to falsify." Kellam v. Thomas, 287 So.2d 733, 734 (Fla. 4th DCA 1974) (emphasis added). See also McElveen v. State, 415 So.2d 746, 748 (Fla. 1st DCA 1982). Here, the prosecutrix' statements to the investigating officer and her boyfriend were made after the existence, if any, of a reason to falsify, i.e., merrymaking for several hours with another man and arriving home around three o'clock in the morning, intoxicated and disheveled.
Further, neither testimony was admissible under the spontaneous statement and excited utterance exceptions to the hearsay rule. §§ 90.803(1) and (2), Fla. Stat. (1983). In order for those exceptions to apply:
There must be some occurrence startling enough to produce nervous excitement and render the utterance spontaneous and unreflecting. The utterance must have been made before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance, and the utterance must relate to the circumstances of the occurrence preceding it. [Citations omitted.]
Lyles v. State, 412 So.2d 458, 460 (Fla. 2d DCA 1982).
According to the investigating officer and the boyfriend, the prosecutrix was "nervous" and "upset" when she made the above statements. Nevertheless, the statements were made somewhere between one and two hours after the alleged offense had occurred. Additionally, the statements to the officer were made during a police investigation. See Lamb v. State, 357 So.2d 437 (Fla.2d DCA 1978). Finally, from the time the prosecutrix left the restaurant lounge with appellant for several hours of drinking and "partying," as described by several witnesses, she had a possible reason to contrive a story or misrepresent to her boyfriend. While any one of these factors, taken individually, may not be sufficient to render otherwise "spontaneous" or "excited" statements admissible, we think these factors, taken together, preclude admission of the statements under sections 90.803(1) and (2).
Without this inadmissible testimony, the state's only eyewitness was the prosecutrix; as such, her credibility was crucial. We find the admission of the hearsay testimony in this case was highly prejudicial; therefore, we reverse appellant's conviction and remand for a new trial.
REVERSED and REMANDED.
LEHAN and FRANK, JJ., concur.
NOTES
[1] At trial, one of the occupants of the house, a fourteen-year-old boy, was allowed to repeat what the prosecutrix had told him about the offense. No objection was made at trial, or here, regarding this testimony, as it was clearly admissible either under the "first complaint" theory employed in sexual assault cases or under sections 90.803(1) and (2), Florida Statutes (1983). See Lyles v. State, 412 So.2d 458, 459-460 (Fla.2d DCA 1982).