528 So.2d 1309 (1988)
Stephen P. BIANCHI, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1807.
District Court of Appeal of Florida, Second District.
August 3, 1988.
*1310 Aubrey O. Dicus, Jr., of Battaglia, Ross, Hastings, Dicus & Andrews, P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Bianchi alleges in this appeal that the trial court erred in permitting a witness to testify at trial to the substance of out-of-court statements made by others to that witness. We agree and reverse.
The state charged Bianchi with second-degree arson for burning or causing to be burned a building containing a window tinting business that was in competition with Bianchi's business. At a jury trial, James Bowman, an arson investigator, was permitted to testify over Bianchi's objection concerning statements made to Bowman.
Bowman testified that during the course of his investigation he interviewed Dawn Blake who told Bowman that she overheard Thong Le (Le), her boyfriend, and Dong Nguyen (Nguyen) discussing plans to set this fire. Bowman further testified that Blake advised him that she overheard Bianchi say that he (Bianchi) wanted the competing business "on the ground or out of business."
Bowman testified that next he interviewed Le. Bowman recounted Le's statements to him which detailed Le's and Nguyen's participation in setting the fire. Bowman further testified that Le informed Bowman that Nguyen told Le that Bianchi would pay them $1,000 for the arson. Bowman then testified that he interviewed Nguyen. Bowman explained to the jury that Nguyen's statements about the incident corroborated Le's account. Bowman testified that Nguyen detailed for him the conversation in which Bianchi initially solicited the arson and offered Nguyen $1,000 to set fire to the competing business.
Nguyen, Le, and Blake all testified at trial for the state. Nguyen testified that Bianchi told him that he wanted the competing business burned and that he wanted Nguyen and Le to do it. Nguyen then repeated the details of Nguyen's and Le's participation in setting the fire. Le also testified regarding his and Nguyen's activities in starting the fire and further testified that Bianchi told a group of people, including Nguyen and Le, that he would pay $1,000 to any person who would burn down the business. Blake testified that Le informed her of Bianchi's $1,000 offer and that she later learned that Nguyen and Le actually set the fire.
Bianchi testified in his own behalf and denied the offense. Bianchi specifically denied that he offered Nguyen money to burn down the competing business or that he solicited Nguyen to set the fire. The jury found Bianchi guilty, and the trial judge denied Bianchi's motion for new trial.
This court recently held that an investigating officer generally cannot testify to a prior consistent statement of a witness. Quiles v. State, 523 So.2d 1261 (Fla. 2d DCA 1988). The one exception to this rule is section 90.801(2)(b), Florida Statutes (1985) which provides:
(2) A statement is not hearsay if the declarant testified at the trial or hearing *1311 and is subject to cross-examination concerning the statement and the statement is:
(b) Consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive, or recent fabrication. .. .
First, we note that Bowman was allowed to testify to these prior consistent statements of Blake, Le, and Nguyen before they had testified. It would appear that section 90.801(2)(b) envisions the cross-examiner attempting to show improper influence, motive, or recent fabrication on the part of the testifying witness. Then, after that occurs, the prior consistent statement could be introduced through that witness on redirect examination or a subsequent witness to show the consistency of the testifying witnesses' statements. C. Ehrhardt, Florida Evidence § 611.2 (2d ed. 1984). The state contends these statements should be permitted through the concept of "anticipatory rehabilitation." This concept, however, has been limited to rehabilitating one's own witness when there is a known prior inconsistent statement the opposing attorney is likely to utilize upon cross-examination. Lawhorne v. State, 500 So.2d 519 (Fla. 1986); Bell v. State, 473 So.2d 734 (Fla. 2d DCA 1985), approved in, 491 So.2d 537 (1986). The state should have called these witnesses, awaited the cross-examination, and thereafter attempted to utilize the prior consistent statements under section 90.801(2)(b).
While section 90.801(2)(b) provides that a prior consistent statement is not objectionable if it is offered to rebut an express or implied charge of improper influence, motive, or recent fabrication, the statement must be "made prior to the existence of a fact said to indicate bias, interest, corruption, or other motive to falsify." Preston v. State, 470 So.2d 836, 837 (Fla. 2d DCA 1985) (quoting Kellam v. Thomas, 287 So.2d 733, 734 (Fla. 4th DCA 1974)) (emphasis added in Preston.) When the events of the crime have long since occurred, as here, which gave Nguyen, Le, and Blake time to reflect, their statements to the investigator are not admissible as nonhearsay, because Nguyen, Le, and Blake had the time and motive to falsify the original statements, if they chose to do so. See Preston; see also Quiles. In view of the fact that the credibility of the witnesses here was critical, this was not harmless error. See Quiles.
Accordingly, we reverse and remand this case for a new trial. Because this case is being remanded for further proceedings, we also observe that error occurred when the trial court overruled hearsay objections and permitted Bowman to testify to a Gulfport policeman's phone call regarding suspicious activity at Le's house and to statements that Nguyen's wife made to Bowman.
Reversed and remanded.
CAMPBELL, C.J., and RYDER, J., concur.