COWART, Judge.
The defendant was convicted of sexual battery (§ 794.011(2), Fla.Stat.) and kidnapping (§ 787.01, Fla.Stat.) and claims on appeal that the facts supporting the kidnapping charge were but confinement necessary and incidental to the sexual battery offense. We have examined the facts against the criteria in Faison v. State, 426 So.2d 963 (Fla.1983) and have determined that the kidnapping charge is sustainable even though the sexual battery occurred *565 during the victim’s confinement. See, Lamarca v. State, 515 So.2d 309 (Fla. 3d DCA 1987) and see also, Jenkins v. State, 549 So.2d 789 (Fla. 5th DCA 1989); Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987) and Hrindich v. State, 427 So.2d 212 (Fla. 5th DCA 1983), rev. dis’m., 431 So.2d 989 (Fla.1983).
Although a copy of the sentencing guidelines scoresheet is not in the record on appeal, the sentencing transcript indicates that the recommended guidelines range was 12-17 years incarceration. The trial court sentenced the defendant on the kidnapping offense to 25 years incarceration followed by 40 years probation and the record contains no written reasons to support the departure from the recommended guidelines range. The defendant’s departure sentence on the kidnapping charge is reversed and the cause remanded for re-sentencing within the sentencing guidelines range as required by Pope v. State, 561 So.2d 554 (Fla.1990).
A discrepancy exists in the record as to whether the defendant was entitled to 245 days, 395 days, or 307 days jail time credit against his sentence. This discrepancy should be factually resolved at resentenc-ing. See Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA 1989), rev. denied, 554 So.2d 1170 (Fla.1989).
The defendant’s conviction for kidnapping is affirmed. His sentence on that offense is vacated and the cause remanded for resentencing within the guidelines with appropriate jail time credit.
CONVICTION AFFIRMED; SENTENCE VACATED; CAUSE REMANDED.
COBB and W. SHARP, JJ., concur.