586 So.2d 1258 (1991)
Ronnie KELLER, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 90-470.
District Court of Appeal of Florida, Fifth District.
September 26, 1991.
*1259 Richard A. Manzo of Manzo & Praver, P.A., Titusville and Terrence E. Kehoe, Orlando, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee/cross-appellant.

ON MOTION FOR REHEARING
GOSHORN, Chief Judge.
Appellee's motion for rehearing is granted, the previous opinion in this case is withdrawn and the following opinion is substituted.
Ronnie Keller appeals his convictions on two counts of sexual battery upon a person 12 years or older by slight force[1] and one count of false imprisonment.[2] Keller argues, inter alia, that the State committed reversible error when it introduced both irrelevant and highly prejudicial testimony and inadmissible hearsay. Keller also argues that his motion for judgment of acquittal on the false imprisonment charge was erroneously denied. We agree with each contention and reverse.

PRIOR CONSISTENT STATEMENTS
The victim was employed at Keller's restaurant. The victim testified that she went to a stable owned by Keller for the purpose of grooming Keller's horses and while there, Keller attacked her.
At trial, six witnesses testified to statements made to them by the victim regarding the alleged attack. Deputy Dexter Rogers and Deputy Audrey Edens each testified and repeated statements made by the victim during their investigations. Nurse Diane Black testified to statements made by the victim during a sexual assault examination, although the statements were unrelated to any medical diagnosis or treatment.[3] Each of these witnesses was permitted to testify to the statements over objection.
On appeal, Keller argues that this testimony was inadmissible hearsay. We agree. In general, prior consistent statements of a witness are hearsay and not admissible to corroborate or augment the witness's trial testimony. Jackson v. State, 498 So.2d 906 (Fla. 1986); Van Gallon v. State, 50 So.2d 882 (Fla. 1951); Jenkins v. State, 547 So.2d 1017 (Fla. 1st DCA 1989); McElveen v. State, 415 So.2d 746 (Fla. 1st DCA 1982). The State argues that the statements were properly admitted under section 90.801(2)(b), Florida Statutes *1260 (1987), which sets forth the following exception to the general rule against the admissibility of hearsay:
A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
* * * * * *
Consistent with his testimony and is offered to rebut an express or implied charge against him of improper influence, motive, or recent fabrication... .
The State contends that the prior consistent statements of the victim were admissable to rebut an implication that she changed her testimony after her deposition was taken but before trial as a result of coaching by the prosecutor and a victim's advocate. However, a close examination of the record fails to show that the defendant's attorney raised any implication of recent fabrication. To the contrary, he was merely testing the credibility of the witness as he is allowed to do. Wise v. State, 546 So.2d 1068 (Fla. 2d DCA), review denied, 554 So.2d 1169 (Fla. 1989).
Having determined that no implied charge of recent fabrication was raised by the defendant, we note that the victim's statements to Deputies Rogers and Edens were made during the course of a criminal investigation. The attack had already occurred, along with the passage of enough time to permit reflection and possibly the inception of a motive to fabricate. In Quiles v. State, 523 So.2d 1261 (Fla. 2d DCA 1988), the statements made by the victim to an investigating officer were inadmissible under section 90.801(2)(b) for precisely this reason. Similarly, in Jenkins, supra, the trial court committed reversible error when it allowed an investigating officer to testify to the victim's recounting of her attack. The Jenkins court provided numerous precedents for the general rule that a police officer should not be permitted to recount the victim's description of the criminal incident, including Perez v. State, 371 So.2d 714 (Fla. 2d DCA 1979); Lamb v. State, 357 So.2d 437 (Fla. 2d DCA 1978); Brown v. State, 344 So.2d 641 (Fla. 2d DCA 1977). See Jenkins at 1021. See also Cook v. State, 528 So.2d 1311 (Fla. 2d DCA 1988); Reyes v. State, 580 So.2d 309 (Fla. 3d DCA 1991). Accordingly, we hold that the victim's prior consistent statements testified to by Rogers, Edens and Black were inadmissible hearsay and served only to impermissibly bolster the victim's credibility in front of the jury.
Three other witnesses also testified to statements made by the victim regarding the attack. As one of the first witnesses to take the stand, William Cooper testified prior to the victim. Over Keller's hearsay objection, Cooper testified that the victim told him, "I think he tried to rape me." Contrary to the State's assertions, this statement was not admissible under section 90.801(2)(b) because it was offered before the declarant testified.[4] A prior consistent statement is only admissible under section 90.801(2)(b) when (1) the declarant has testified, (2) the declarant has been subjected to cross-examination and (3) the prior consistent statement is used to rebut an express or implied charge of fabrication or improper influence. Wise, supra; Jenkins, supra. In this case, the victim's prior consistent statement to Cooper was erroneously admitted before the victim took the stand and was subjected to cross-examination.[5]See also Bianchi v. State, 528 So.2d 1309 (Fla. 2d DCA 1988).

IRRELEVANT AND PREJUDICIAL TESTIMONY
Peggy Fox, an employee at Keller's restaurant, testified at trial. She stated *1261 that she was on vacation the week the victim was attacked. After Fox's return from vacation, Keller called and arranged to meet with Fox at her home. Keller asked Fox if she would "back him" on something. Fox asked what this was all about but Keller would not tell her. He did say that things could get really nasty and he wanted to know if she would "back him," perhaps even go to court and lie on his behalf. Keller asked Fox to claim that he had spent the night on several occasions at her house. Keller refused to disclose the impetus behind his request, and Fox refused to cooperate. When Fox returned to work she learned of the incident involving the victim and asked Keller if their talk had anything to do with it. Keller denied any connection.
Keller objected to Fox's testimony and sought to exclude it. He now argues that because the testimony of Peggy Fox was both irrelevant and highly prejudicial it should have been excluded under section 90.403, Florida Statutes (1987):
Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.
The State maintains that Fox's testimony was admissible as evidence of Keller's consciousness of guilt and his meeting with Fox constituted an attempt to avoid prosecution. We disagree. While evidence of a defendant's attempt to influence a witness to testify falsely regarding facts bearing on the guilt of a defendant is admissible, Manuel v. State, 524 So.2d 734 (Fla. 5th DCA 1988), the testimony presented by the State in this instance is simply too speculative and vague to be admissible as related to the case at bar. Keller never told Fox what he wanted her to lie about  it could have concerned anything  his marriage, his restaurant and the legal troubles he was embroiled in pertaining to it, or other matters. Fox's testimony was irrelevant to proving the charges of sexual battery and false imprisonment which were at issue in this trial. Moreover, the highly prejudicial aspect of this testimony is self evident. Clearly, Fox's testimony should have been excluded pursuant to section 90.403.

FALSE IMPRISONMENT
At the conclusion of the State's case, defense counsel moved for a judgment of acquittal on Count III, the kidnapping charge.[6] The judge granted the motion, but agreed with the State to reduce the charge to false imprisonment.[7] Defense counsel made no objection, and moved for judgment of acquittal on the false imprisonment charge at the close of all the evidence.
The supreme court has held that the kidnapping statute does not apply to unlawful confinements or movements that are incidental to other felonies. Faison v. State, 426 So.2d 963 (Fla. 1983); Mobley v. State, 409 So.2d 1031 (Fla. 1982). In Hrindich v. State, 427 So.2d 212 (Fla. 5th DCA), review denied, 431 So.2d 989 (Fla. 1983), this court relied on Faison and reversed a conviction for false imprisonment because the victim's confinement during an attempted sexual battery was incidental to the crime.[8] The same standard was employed in Jenkins v. *1262 State, 549 So.2d 789 (Fla. 5th DCA 1989), in which a kidnapping conviction was reversed because the confinement and movement of the victim was incidental to the sexual batteries. And similarly in Kirtsey v. State, 511 So.2d 744 (Fla. 5th DCA 1987), a kidnapping conviction was reversed because the movement of employees in a restaurant during the course of a robbery was slight and merely incidental to the robbery.
In the case at bar, the victim testified that Keller grabbed and dragged her several feet before penetrating her vagina with his finger and rubbing his penis on the outside of her vagina. Such movement and confinement of the victim was incidental to the batteries and Keller was entitled to a judgment of acquittal as to the charge of false imprisonment. Faison; Hrindich.
REVERSED and REMANDED for a new trial with instructions to the trial court to enter an order granting the judgment of acquittal on the charge of false imprisonment.
COWART and HARRIS, JJ., concur.
NOTES
[1] § 794.011(5), Fla. Stat. (1987).
[2] § 787.02(1)(a), Fla. Stat. (1987).
[3] Section 90.803(4), Florida Statutes (1987) provides for the admissibility of statements made for purposes of medical diagnosis or treatment even though declarant is available as a witness.
[4] The State does not contend that the statements were admissible as spontaneous statements (section 90.803(1)) or the "first report" of a sexual assault or excited utterance (section 90.803(2)) exceptions to the hearsay rule.
[5] We are aware that like Cooper, the other two witnesses testified prior to the victim, however no objection was made to their testimony.
[6] § 787.01(1)(a), Fla. Stat. (1987).
[7] § 787.02(1)(a), Fla. Stat. (1987).
[8] Faison specifically held that the detention of a victim during a sexual battery will not also support a kidnapping conviction when the confinement is merely incidental to the battery. Although Hrindich did not expressly articulate a rationale for application of the "incidental confinement" test to the offense of false imprisonment, the fact that false imprisonment is a necessarily lesser included offense of kidnapping provides the necessary explanation. State v. Sanborn, 533 So.2d 1169 (Fla. 1988). The only difference between the two crimes is the intent required to be proven. Kidnapping is a specific intent crime, while the crime of false imprisonment requires only a general intent. The general intent of false imprisonment is included within the specific intent of kidnapping. Mobley v. State, 409 So.2d 1031 (Fla. 1982). It logically follows that the "incidental confinement" test applies to the crime of false imprisonment.