REVISED OPINION
PER CURIAM.
This is an appeal by the defendant Grover L. LeBlanc from final judgments of conviction and sentences for (1) four counts of lewd assault in the presence of a minor child under the age of sixteen [§ 800.04, Fla.Stat. (1991) ] and (2) six counts of sexual battery upon a minor child under the age of twelve [§ 794.011(2), Fla.Stat. (1991)]. We reverse and remand for a new trial on the ground that the trial court improperly admitted certain highly prejudicial hearsay statements made by the child victims and the boyfriend of the child victims’ mother.
We conclude that the tape recording [made by the boyfriend of the child victims’ mother] of an interview which the boyfriend had with two of the child victims in this case prior to reporting the alleged sexual incidents to the police, containing highly prejudicial statements by both the boyfriend and the child victims, constituted inadmissible hearsay evidence. Sections 90.801(1), 90.802, Fla.Stat. (1991); Reyes v. State, 580 So.2d 309 (Fla. 3d DCA 1991). Indeed, the state made no claim at trial and makes no claim on appeal that these statements were admissible under any recognized exception to the hearsay rule, including the child victim hearsay exception [§ 90.803(23), Fla.Stat. (1991)], which was expressly abandoned by the state below. Instead, the state contends that this tape recording is admissible as a non-hearsay, prior consistent statement of the child victims “offered to rebut an express or implied charge against [the child victims] of improper influence, motive, or recent fabrication.” Section 90.801(2)(b), Fla.Stat. (1991). It is urged that “the entire defense [in this case] was that [the boyfriend] had improperly manipulated the children into making false accusations against [the defendant],” and that the tape recording allegedly refutes this charge. [State’s answer brief at 5]. The fatal flaw in this argument is that the prior consistent statements were not made, as required by law, prior to the time that a motive to fabricate existed; indeed, the statements were made to the very person who is accused by the defendant of manipulating the children into making the statements and, indeed, contain highly suggestive questioning. Moreover, the boyfriend’s inflammatory accusations against the defendant, as contained in the tape recording, plainly cannot constitute a prior consistent statement on his part under Section 90.801(2). This being so, the trial court committed error in admitting this inflammatory tape recording in evidence; moreover, this error, under the circumstances of the case, constitutes a reversible error. See, e.g., Keller v. State, 586 So.2d 1258, 1260 (Fla. 5th DCA 1991); Lazarowicz v. State, 561 So.2d 392, 393-95 (Fla. 3d DCA 1990); Preston v. State, 470 So.2d 836, 837 (Fla. 2d DCA 1985).
*1023 Finally, we find no other reversible error in this case and reject all other points on appeal raised by the defendant. The final judgments of conviction and sentences under review are reversed, and the cause is remanded to the trial court for a new trial in which the above-stated tape recording, and all testimony concerning such recording, shall be excluded from evidence.
Reversed and remanded.