ERVIN, Judge.
Eugene Edwards appeals his convictions for first degree murder, attempted armed robbery and attempted first degree murder, raising six issues, only one of which merits discussion. We affirm.
*406 Edwards claims the trial court erred in admitting the statement given by a witness, who was also an accomplice, to the police upon his arrest. We conclude the statement was properly admitted pursuant to Florida Rule of Evidence 90.801(2)(b), which permits prior consistent statements offered to rebut a charge of improper influence, motive or recent fabrication. During cross-examination of the witness, defense counsel implied that the witness was falsely testifying because he had negotiated a favorable plea bargain and, consequently, would do anything to avoid going to prison. As such, his prior consistent statement to the police was admissible to rebut the implied charge of improper motive or recent fabrication. Anderson v. State, 574 So.2d 87 (Fla.), cert. denied, 502 U.S. 834, 112 S.Ct. 114, 116 L.Ed.2d 88 (1991); Stewart v. State, 558 So.2d 416 (Fla.1990); Dufour v. State, 495 So.2d 154 (Fla.1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987); McElveen v. State, 415 So.2d 746 (Fla. 1st DCA 1982).
Appellant correctly points out that the prior consistent statement must have been made before the defendant had a motive to falsify. He claims, however, that because the witness made the statement to the police after he had been arrested and charged with first-degree murder, he therefore had a motive to falsify at that time; thus the statement must be deemed inadmissible, citing Keller v. State, 586 So.2d 1258 (Fla. 5th DCA 1991); Bianchi v. State, 528 So.2d 1309 (Fla. 2d DCA 1988); and Quiles v. State, 523 So.2d 1261 (Fla. 2d DCA 1988).
In Quiles, the Second District appears to hold that a statement given to the police by a witness who was directly involved in the crime — there a victim — is per se inadmissible, because a police investigation of the crime implicitly gives rise to a motive to falsify. Although Keller and Bianchi cite this holding from Quiles with approval, the language in both cases is dicta, because in each the appellate court determined from a reading of the record that the defendant during cross-examination had not made a charge of recent fabrication; therefore, the prior consistent statements were improperly admitted to bolster the credibility of the witness. We find no such distinguishing fact in Quiles, however, and certify our conflict with this case.
In the cases cited earlier in this opinion from the supreme court and this court, Anderson, Stewart, et al., prior consistent statements made to the police were admissible pursuant to section 90.801(2)(b), notwithstanding the witnesses gave such statements while under arrest or under investigation for the crime at issue or other crimes. The mere fact that police are conducting an investigation into the crime does not, in our judgment, automatically establish a motive to falsify on the part of the witness.
AFFIRMED.
LAWRENCE and VAN NORTWICK, JJ., concur.