687 So.2d 256 (1996)
Jackson Loren KEFFER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04420.
District Court of Appeal of Florida, Second District.
December 27, 1996.
*257 James Marion Moorman, Public Defender, Bartow and Allyn Giambalvo, Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
FRANK, Acting Chief Judge.
Pursuant to section 794.011(5), Florida Statutes (1993), Jackson Keffer was convicted of sexual battery with slight force. The criminal event occurred following a New Year's Eve escapade in the mobile home park where he worked as a maintenance man. Prior to the incident Keffer had become acquainted with the victim, a divorced woman who resided in one of the mobile homes with her son, another woman, and that woman's son. The victim and her roommate appear to have had a romantic relationship. The incident occurred after a neighborhood New Year's Eve party, when Keffer was accused of taking advantage of the victim's intoxicated state by entering her vagina with his finger. There were inconsistencies in the victim's story. The trial court erred, however, when it allowed the investigating officers to testify about statements the victim made during their investigation. We reverse and remand for a new trial.
At trial the victim testified that she returned before midnight from the New Year's Eve party, where she had drunk six or seven vodkas. She literally passed out on the sofa. The next thing she knew she was in her bedroom, lying on the bed, and Keffer's hand was inside her jeans and his finger was penetrating her vagina. She pushed her assailant away and ran to the living room to awaken her female roommate, who was sleeping on the floor. They chased Keffer out the door. Shortly thereafter the police were called to the scene, and the victim, appearing traumatized, related her story to Detectives Pepenella and Lawless.
Keffer recounted a different version. He told the detectives that he went to the victim's mobile home because a neighbor had told him there had been a small kitchen fire from a pot of beans the women had left on the stove before they went to sleep. When his knock on the door received no response, he looked in and saw both of the women asleep, so he entered the mobile home. The victim then awoke and asked him to walk her to the bedroom and massage her neck, which he did. The next thing he knew, he was being accused. When pressed by the detectives, Keffer changed his story. He said that he had been giving the victim a massage and that she had pulled his hands down into her pants near her buttocks, near her vagina, but he had never penetrated her.
The victim testified at trial that Keffer penetrated her vagina with his fingers. On cross-examination, however, the defense attorney impeached her with her deposition testimony, during which she said that she really did not know if penetration had occurred. When the prosecutor then asked both of the investigating officers to testify about the content of the victim's statements to them, the defense attorney objected on the basis that those statements were improper hearsay. The court overruled the objection on the ground that these were non-hearsay "prior consistent statements" and admitted the testimony.
Section 90.801(2)(b), Florida Statutes (1995), provides that a statement is admissible if the declarant testifies at trial, is subject *258 to cross-examination, the declarant's statement is consistent with the testimony offered at trial and is offered to rebut an express or implied charge of improper influence, motive, or recent fabrication. The prior consistent statement must have been made, however, "prior to the existence of a fact said to indicate bias, interest, corruption, or other motive to falsify." Bianchi v. State, 528 So.2d 1309, 1311 (Fla. 2d DCA 1988) (quoting Preston v. State, 470 So.2d 836, 837 (Fla. 2d DCA 1985)). In Quiles v. State, 523 So.2d 1261 (Fla. 2d DCA 1988), this court expressed the view that a practically irrebuttable presumption arises when a statement is made to an investigating officer that the witness involved in the crime had time and opportunity to fabricate before giving the statement.
In this case the admission of the prior consistent statement was erroneous for two reasons. First, the defense did not elicit any evidence that the witness had a motive to falsify. The defense attorney vaguely implied that the witness might have changed her story because she did not want her homosexual lover to know that she had some sexual interest in men. In fact, the theory of the defense was that the victim attempted to lure the defendant into a sexual encounter but attacked him when he rejected her. However, there was no secret made at trial about the fact that the victim had, at various times, ongoing relationships with men. Second, even if the victim's motive to fabricate was to mislead her roommate about the extent of her involvement with Keffer, that motive undoubtedly existed prior to the time she made the statement to the police officers. As in LeBlanc v. State, 619 So.2d 1021, 1022 (Fla. 3d DCA 1993), "[t]he fatal flaw in this argument is that the prior consistent statements were not made, as required by law, prior to the time that a motive to fabricate existed."
This error cannot be deemed harmless. It is apparent that the prosecution urged the admission of the prior consistent statements to bolster the victim's testimony after she had been impeached on cross-examination by the uncertainty she expressed in her deposition about the fact of penetration. Her testimony at trial was not the result of any apparent motive to falsify the truth (i.e., as she told it in her deposition). In a case such as this, where the defendant denied penetration and the victim insisted upon it at trial, this impermissible strengthening of her testimony was critical. Had the jury believed Keffer and disbelieved the victim, he could not have been convicted of sexual battery, which required, in this case, penetration of the victim's vagina by his finger. See § 794.011(1)(h), Fla.Stat. (1993). Even though Keffer's credibility was damaged because he changed his story as the detectives' questioning became more probing, the defense attorney offered the plausible reason that Keffer thought that this was a harmless incident that would amount to nothing (which is consistent with Keffer's insistence that he touched her near the vagina but did not penetrate).
The trial court erred in admitting the prior consistent statements. We cannot conclude beyond a reasonable doubt that the error did not affect the verdict. State v. DiGuilio, 491 So. 2d 1129 (Fla.1986); Jenkins v. State, 547 So.2d 1017 (Fla. 1st DCA 1989). Therefore, Keffer's conviction is reversed and this cause is remanded for new trial.
BLUE and LAZZARA, JJ., concur.