307 So.2d 826 (1975)
Adam RIVERS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. W-57.
District Court of Appeal of Florida, First District.
January 14, 1975.
On Rehearing February 21, 1975.
*827 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
McCORD, Judge.
This is an appeal from judgment and sentence by which appellant was convicted of breaking and entering with intent to commit the felony, grand larceny.
Appellant contends the evidence was insufficient to establish his intent to steal property of a value of more than $100. We disagree. Appellant and others were apprehended on a Sunday night in the Florida Power and Light Building at Daytona Beach before they had actually taken anything. Appellant at the time had a prying tool in his hand and the door into the area where the night deposit box is located had been jimmied open. This box contained cash and checks deposited from the outside by customers paying their bills. The box had not been opened since the Friday afternoon prior to the burglary and it would have contained all deposits made between then and the Sunday night when the burglary occurred. Although the exact amount of the deposit in the box at the time of the burglary (approximately 11:00 p.m.) is not known, the box contained $3,374.61 ($1,214.42 in cash and $2,160.19 in checks) when opened the following morning at 7:00 a.m. The record is adequate to show that at the time of the burglary there was in excess of $100 in the deposit box, the safe and in movable equipment in the building and that appellant and his accomplices had the intent to steal in excess of that amount. See Clifton v. State, 26 Fla. 523, 7 So. 863; Rebjebian v. State, Fla., 44 So.2d 81.
Appellant further contends that the trial judge's refusal to charge the jury on trespass as a lesser included offense was error. We disagree. The request for instruction by appellant's counsel was as follows:
"We would request the court to instruct on what we feel should be the lesser included *828 charge of trespass and cite the case of Edward [Edwards] v. State, [Fla.App.], 213 Southern 2nd, 274 and feel that there is evidence in view of the fact that the defendant was on heroin that a trespass may have occurred."
The case cited above by appellant has no relation to the question of whether or not a trespass charge should be given as a lesser included offense to breaking and entering with intent to commit a felony. The various and numerous trespass statutes are included in Chapter 821, Florida Statutes. Appellant did not advise the trial judge which of these trespass statutes he considered to be a lesser included offense to the offense charged, but simply threw the whole question in the lap of the judge at the trial conference for him to determine for himself which, if any, of these trespass statutes was a lesser included offense. We consider the language of our sister court in York v. State, Fla.App. 4th, 232 So.2d 767 to be appropriate on this point. There defense counsel had made a blanket objection to instructions given and not given by the court. The appellate court said:
"... If such objection were approved as sufficient, it would enable counsel to cloak and conceal a meritorious objection from the trial court which, had it been revealed with specificity, would have allowed the trial court to eliminate the objection and possible error. Used in this fashion the adroit defendant could build error into the record and so have insurance against an unfavorable verdict. Busy trial judges have enough to do in attempting to conduct trials in accordance with law without having to play guessing games with counsel as to the true basis and nature of their objections. We hazard that had counsel given the trial court anything like the same opportunity that he has given this court to learn the nature of his objection, then surely the matter would have been remedied and this facet of the appeal eliminated."
On this appeal, counsel for appellant has advised us in his brief that the trespass statute the trial court should have instructed on is Section 821.05, Florida Statutes. We do not find the crime of trespass as defined in that statute to be a lesser included offense under the facts of this case.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.

ON PETITION FOR REHEARING
McCORD, Judge.
We wish to correct the statement made in the last paragraph of the foregoing opinion. While appellant, in his main brief, cited § 821.05, Florida Statutes, as the statute on which the trial judge should have given a trespass charge, appellant, in his reply brief, agreeing that appellee's citation in its brief of § 821.18, Florida Statutes, was a trespass statute more appropriate to the facts of this case, changed its citation to said § 821.18. This, however, does not change our ruling. The fact remains that appellant's trial counsel cited neither of these statutes to the trial judge. We deem it unnecessary to add to our previous comment regarding the inadequacy of the request of appellant's trial counsel for an instruction on trespass as a lesser included offense.
RAWLS, C.J., and JOHNSON, J., concur.