318 So.2d 535 (1975)
Michael Eric EVANCO, Appellant,
v.
STATE of Florida, Appellee.
Nos. X-128 and X-129.
District Court of Appeal of Florida, First District.
August 27, 1975.
*536 Selig I. Goldin, Goldin & Turner, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
SACK, Associate Judge.
These two cases were consolidated for the purpose of appeal.
In X-128 appellant was tried on an information charging him with breaking and entering a building on the property of Sound City, Inc., with intent to commit a misdemeanor, to-wit, petty larceny. The trial court instructed the jury, at the request of the State and over the defendant's objection, that entering into an enclosed building of another, having been forbidden to enter by the lawful occupant, pursuant to Florida Statutes, Section 821.01(1), was a lesser included offense within the crime charged in the information, and the appellant was convicted of such trespass after warning.
In X-129, appellant, who was under a sentence of probation for a previous, unconnected crime, had his probation revoked and was adjudged guilty and sentenced on the prior offense.
The instruction on the crime of trespass after warning was predicated solely upon the casual testimony of the president of the company which was in possession of the premises claimed to have been entered, in reply to a question as to whether appellant had been given permission to be in the place after closing hours: "No, as a matter of fact, at an incident prior to that, he was told never to come by the store again", without any explanation of this so-called warning either as to time, place or circumstances, except that at one time appellant was an employee of the occupant of the building.
Apart from the fact that we have grave doubts that the alleged statement was a sufficient warning under Section 821.01(1), we hold that the offense of trespass after warning, pursuant to the above Section, is not a lesser included offense of the crime of breaking and entering with intent to commit the misdemeanor of petty larceny. Clearly, it is not a necessarily included offense in the major offense charged by the accusatory pleading; nor is it an offense which may be included in the offense charged, in view of the accusatory pleading and the evidence at the trial, since the statutory offense of trespass after warning necessarily required a warning, an element which is not essential to the breaking and entering charge. (Brown v. State, 206 So.2d 377 (Fla. 1968)). Significantly, the Florida Standard Jury Instructions do not include trespass after warning as a lesser included offense in any burglary or breaking and entering situations.
In the probation and revocation proceedings in Case X-129, the conditions of probation were the conventional ones. The amended affidavit of violation of probation was based solely upon the jury's finding of guilt of trespass after warning, which, the State asserted: "And that is the basis of the violation against Mr. Evanco."
Since we hereby reverse the conviction of trespass after warning, the revocation of probation, predicated solely on the trespass conviction, must necessarily fall. Accordingly, the judgment of guilt and sentence in X-128 is hereby set aside, and the judgment and sentence consequent on the revocation of probation is hereby reversed and remanded for further proceedings consistent herewith.
RAWLS, Acting C.J., and SMITH, SAMUEL S., Associate Judge, concur.