McCORD, J.
(dissenting).
Appellant was charged and convicted of attempt to break and enter with intent to commit a felony. He requested an instruction on the crime of malicious trespass (§ 821.18, Florida Statutes, 1973). Such request was denied by the trial court and proper objection was made. Appellant contends that such was error.
The evidence of the state is to the effect that appellant and another were intercepted by the prosecuting witness while in the act of prying open the skylight on the roof of the home of such witness. Malicious trespass, as defined by § 821.18, Florida Statutes, 1973, is as follows:
“Every trespass upon the property of another, committed with a malicious and mischievous intent, the punishment of which is not specially provided for, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.-082 or § 775.083.”
The requested instruction- falls squarely under Category 4 as outlined by the Supreme Court in Brown v. State, Fla., 206 So.2d 377 (1968) and as further clarified by Gilford v. State, Fla., 313 So.2d 729 (1975) — offenses which may necessarily be included depending upon the accusatory pleading and the evidence. The Florida Standard Jury Instruction on trespass with malice states in pertinent part as follows:
“When a trespass is committed with a design, that is to say a conscious intent, to cause damage or injury to the property of another . . . it is trespass with malice.”
It appears clear to me that trespass with malice is embraced within the charge of breaking and entering with intent to commit a felony and is supported by the evidence in this case. Such evidence admits to a finding of malicious trespass.
The state relies upon this court’s opinions in Evanco v. State, Fla.App.(1st), 318 So.2d 535 (1975), and Rivers v. State, Fla.App. (1st), 307 So.2d 826 (1975), in support of its contention that malicious trespass is not a lesser included offense in the case sub judice. Neither of these cases is in point. In Evanco trespass after warning was alleged as a lesser included offense but the evidence presented as to previous warning was held to be insufficient to support such contention. In Rivers the appellant’s request for a charge on trespass was insufficient because he did not advise the trial judge which of the numerous trespass offenses he sought a charge upon as a lesser included offense.