327 So.2d 900 (1976)
Charles MOBLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-600.
District Court of Appeal of Florida, Third District.
February 17, 1976.
Rehearing Denied March 23, 1976.
*901 Phillip A. Hubbart, Public Defender, Elliot H. Scherker, Asst. Public Defender and Thomas G. Murray, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., Stephen V. Rosin, Asst. Atty. Gen., and Steven D. Ginsburg, Legal Intern, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant, defendant below, appeals his adjudication of guilt and sentence for breaking and entering with intent to commit a misdemeanor.
After a trial on February 18, 1975, the jury found appellant guilty as charged of breaking and entering with intent to commit a misdemeanor. After a pre-sentence investigation, the trial court sentenced appellant to five years imprisonment, three years to be withheld, and the period of imprisonment to be followed by three years probation. Subsequently, appellant's motion for a new trial was denied.
On appeal, appellant contends that the trial court erred as follows: first, in denying appellant's motions to exclude a witness for appellee and for a continuance where appellee failed to include the name of the witness in its response to appellant's demand for reciprocal discovery, and, second, *902 in denying appellant's request to instruct the jury of the lesser included offense of trespass where he was charged with breaking and entering.
In regard to appellant's first point on appeal, the violation of a rule of procedure (appellant invoked reciprocal discovery pursuant to Local Rule Four, Circuit Court of Dade County) does not call for a reversal of a conviction unless the record discloses that non-compliance with the rule resulted in prejudice or harm to the defendant. See Richardson v. State, Fla. 1971, 246 So.2d 771; Ramirez v. State, Fla.App. 1970, 241 So.2d 744; Buttler v. State, Fla.App. 1970, 238 So.2d 313; and Rhome v. State, Fla.App. 1969, 222 So.2d 431. Furthermore, a trial judge is vested with broad discretion in matters of requested continuances and, by virtue of his closeness and intimacy with the circumstances of the case, he will not be reversed on appeal unless there is a clear showing of a palpable abuse of this discretion. Sikes v. State, Fla.App. 1973, 280 So.2d 17; and Mills v. State, Fla.App. 1973, 280 So.2d 35.
In the instant appeal, the record shows that the trial court properly inquired into the surrounding circumstances of appellee's failure to provide appellant with the name of a witness pursuant to his request for reciprocal discovery. Further, the record shows that appellant was given an opportunity during the course of the proceedings to speak with the witness and that he availed himself of the opportunity. Further still, the record shows that the name of the witness was listed in at least three places on appellant's arrest report, and appellant's counsel admitted that he had a copy of the report prior to appellant's trial.
Based on the record, we hold in regard to appellant's first point on appeal that, because neither prejudicial or harmful error nor an abuse of discretion has been demonstrated, the trial court did not err in denying appellant's motions to exclude the name of a witness and for a continuance.
In regard to appellant's second point on appeal, we are unaware of any authority holding that trespass is a necessarily included offense in the offense of breaking and entering. The word "necessarily" is underscored because Florida case law, following the Supreme Court's pronouncement in Brown v. State, Fla. 1968, 206 So.2d 377, has recognized the distinction between those lesser offenses which may be included and those which are necessarily included. Only the latter require instructions in accordance with Rule 3.510, Florida Rules of Criminal Procedure, 34 F.S.A., while the former are discretionary depending upon the evidence presented at trial. See DeLaine v. State, Fla. 1972, 262 So.2d 655; Jones v. State, Fla.App. 1971, 256 So.2d 46; and Sadler v. State, Fla. App. 1969, 222 So.2d 797.
In the instant appeal, appellant requested the trial court to give a jury instruction for breaking and entering which included the lesser offense of trespass. This request was based upon the Florida Standard Jury Instructions §§ 205 and 206. However, in response to the trial court's request for appellant to base his request upon one of the specific trespass statutes, he never cited the trial court to such a statute and in addition requested the deletion of various phrases from the standard jury instruction.
Based on the record before us, we hold that appellant has failed to show the trial court abused its discretion in failing to give the jury instruction requested by him. See Rivers v. State, Fla.App. 1975, 307 So.2d 826.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.