346 So.2d 1083 (1977)
Walter Mason KEMBRO, Appellant,
v.
STATE of Florida, Appellee.
No. CC-1.
District Court of Appeal of Florida, First District.
June 13, 1977.
*1084 Steven E. Rohan, Nachman & Rohan, Jacksonville, for appellant.
Robert L. Shevin, Atty. Gen., Michael H. Davidson, Asst. Atty. Gen., for appellee.
BOYER, Chief Judge.
After being found guilty by a jury of burning with intent to defraud an insurer, defendant received a five year prison sentence. On appeal he complains that the trial court erred in limiting cross-examination of a crucial state witness and that the prosecutor improperly commented during closing arguments on his failure to testify.
At trial, the state attempted to establish that appellant had hired Woodrow W. (Doc) Gardner and Edward Eugene (Red) Cohran to burn down a house located in Jacksonville owned by appellant and his wife. Defense counsel, during cross-examination of appellant's wife, asked leading questions. After the prosecutor objected to defense counsel testifying himself, the trial court informed counsel that she did not want that type of question to be asked again. During a short recess, the trial court admonished defense counsel not to suggest the answer to a question in the question itself. During the cross-examination of state witness Red Cohran, defense counsel attempted to explore the agreement between that witness and the state. When defense counsel asked Cohran if he understood what the maximum sentence was that he could have received, the trial court sustained the prosecutor's objection to the question and refused defense counsel permission to proffer the testimony. When defense counsel attempted to ask Cohran about specific burglary charges for which the state had recommended concurrent sentences, the prosecutor's objection was again sustained and the trial court refused to allow defense counsel to proffer the testimony. At the close of all of the evidence, the prosecutor in his closing arguments stated: "Go back in and look at the evidence and look at it hard and look at it closely and I think each of you are going to be satisfied, as I told you in the beginning, in your hearts and in your consciences that the man sitting right there and has continued sitting right there in that chair and has not gotten up here * * *". Defense counsel objected to the prosecutor's remarks and moved for a mistrial. The trial court denied both the objection and the motion for mistrial.
Generally, refusal to permit a proffer of testimony is error if the testimony is reasonably related to the issues at trial. See Piccirrillo v. State, 329 So.2d 46 (Fla. 1st DCA 1976). The trial court in the instant case committed error when she refused defense counsel permission to proffer the testimony sought to be elicited from state witness Cohran. The trial court also erred when she refused to allow defense counsel to ask leading questions. Although counsel is not permitted to testify, he is entitled to utilize the techniques of cross-examination, among which is asking leading questions.
*1085 The remarks made by the prosecutor during his closing argument to the jury, above quoted, also constitute reversible error. Comment upon an accused's failure to testify is prohibited. Shannon v. State, 335 So.2d 5 (Fla. 1976). Notwithstanding the attempt by the learned trial judge after the comment was made in the instant case to ameliorate the effect of the prosecutor's remarks, the remarks were unmistakable in meaning to the jury and prejudicial to appellant. See Smith v. State, 344 So.2d 915 (Fla. 1st DCA 1977); see also Padovano, "Prejudicial Comments of the Prosecutor During Closing Argument", The Florida Bar Journal, March, 1977, pp. 159-164.
Accordingly, the case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
MILLS and ERVIN, JJ., concur.