COBB, Chief Judge.
The issue on this appeal is whether or not the pro se defendant, Steven Wortman, is entitled to a new trial because the state violated the discovery requirements of Florida Rule of Criminal Procedure 3.220, and the trial court denied a Richardson [1] inquiry in respect to that violation.
The defendant was charged with battery of a law enforcement officer as the result of an altercation in the Citrus County Jail in December, 1983. He elected to represent himself. In March, 1984, some three months prior to trial, he filed the following “motion:”
MOTION FOR WITNESS LIST
The Defendant, Steven Wortman, pursuant to Rule 3.220(d), Florida Criminal Procedure Rules, respectfully moves this Court for its order requiring the prosecuting attorney to furnish to the undersigned defendant a list containing the names and addresses of the witnesses on whose evidence the Information filed in the captioned cause is based.
DATED at Citrus County Jail, Citrus County, Fla.
This March 26, 1984.
Respectfully submitted,
/s/ Steven Wortman
The state did not respond to this “motion” and the case proceeded to trial on May 21, 1984. At that time, immediately prior to opening statements, the following colloquy took place between the prosecutor, the defendant, and the trial judge:
THE DEFENDANT: Your Honor, I’d like to make a motion. I’d like to renew a motion.
*764 THE COURT: All right.
THE DEFENDANT: A motion was made in February. As a matter of fact, the motion was originally made in December of 1983 requesting a copy of the original Information so that I could find out exactly what I was charged with. It was not until today, exactly maybe two minutes ago, that I have learned what this is all about. Now, I find that a disadvantage.
THE COURT: What’s the motion? Don’t make an argument.
THE DEFENDANT: The motion is that I receive a copy of the Information, a full and true copy of the Information.
THE COURT: All right. Mr. Carey, do you have a copy of the Information?
THE PROSECUTOR [Mr. Carey]: I do, Your Honor.
THE COURT: Would you please give it to Mr. Wortman at this time?
THE PROSECUTOR: Yes, sir.
The State is tendering a copy of the Information to Mr. Wortman at this time.
THE COURT: All right. Let the record show that the Assistant State Attorney has handed Mr. Wortman a copy of the Information.
Do you have a further motion?
THE DEFENDANT: May I address the Court?
THE COURT: How about a motion? Do you have a motion to make?
THE DEFENDANT: Yes, I do.
THE COURT: All right. Make your motion.
THE DEFENDANT: My motion is that I filed also for the discovery of this—
THE COURT: Excuse me, Mr. Wort-man. Do you have a motion you want to make, not an argument?
THE DEFENDANT: Yes, sir. I’d like to renew the motion of discovery. That’s what I initially said. The discovery—
THE COURT: What discovery are you referring to?
THE DEFENDANT: The discovery of the case listed as 83-330-CF.
THE COURT: All right. What discovery are you referring to, Mr. Wort-man?
THE DEFENDANT: I’m referring to the entire discovery.
THE COURT: Did you make a demand upon the State to—
THE DEFENDANT: Yes, I certainly did.
THE COURT: Are you telling me that the State did not furnish you a—
THE DEFENDANT: The State did not furnish me a copy of the discovery. As a matter of fact, I even asked the State on three different occasions. Here’s a copy of it here in the State’s file here. It’s in the Court file.
THE COURT: Excuse me just a minute. Have a seat, please, Mr. Wortman.
Mr. Carey, Mr. Wortman has said that he has demanded discovery and you did not answer it. Is that true or false?
THE PROSECUTOR: That is false, Your Honor.
THE COURT: Where is your response [sic] to the motion for a witness list?
THE PROSECUTOR: Your Honor, a careful reading of the motion shows that the defendant — let me find it here — now, this is a motion for a witness list and not a demand for discovery. It says here that he respectfully moves this Court for its order requiring the prosecuting attorneys to furnish to the undersigned defendant a list containing names and addresses of witnesses on whose evidence the Information filed in the captioned case is based. I am unaware of any such order that the Court has made requiring the State to do so and, as such, this is not a defendant’s demand for a witness list but a motion set before the Court of which there has been no hearing on as far as I’m aware.
THE COURT: All right. Do you have a witness list available? Can you now in the record tell him who the witnesses are that are going to be testifying against him?
THE PROSECUTOR: Yes, Your Hon- or.
*765 THE COURT: Please do so.
THE DEFENDANT: Your Honor, it’s kind of late.
THE COURT: Excuse me, Mr. Wort-man.
THE PROSECUTOR: Yes, Your Hon- or. That will be Jerry Hytry, Wayne Burns, Wayne King, a Deputy Schliepe, and that’s all that I anticipate calling, Your Honor.
THE COURT: All right. The remaining portion of any purported motion that Mr. Wortman is making is preliminary. It’s premature and if necessary and at the proper time if it’s brought up, the Court will intend to hold a Richardson hearing.
All right. Mr. Bailiff, if you’ll give Mr. Wortman the original of the Information.
Go ahead, Mr. Wortman.
THE DEFENDANT: Your Honor, may I make a motion to the Court?
THE COURT: Go ahead.
THE DEFENDANT: I motion that the Court take into advisement that I have a copy that is notarized that was sent to the prosecutor’s office, the Clerk’s office, and also to Judge Booth requiring the discovery of this case. It was sent in December. I asked for the discovery and specific items. I asked for the discovery pursuant to—
THE COURT: Excuse me. Don’t—
THE DEFENDANT: —Florida Statutes—
THE COURT: All right. Mr. Wort-man, don’t start reciting what you might have in your file or not. The file will speak for itself. Whatever is in the Court file will do it, but your motion is premature. It should be brought up later, but at this point it is premature.
Bring the jury back in, please, and let’s proceed with the case.
On appeal the state argues that Wort-man was aware, as of February 20, 1984, of the two witnesses who would testify for the state, as evidenced by a letter he wrote to the United States District Court while awaiting trial. The defendant subpoenaed one of these witnesses as a defense witness. In support of this argument, the state relies on Sireci v. State, 399 So.2d 964 (Fla.1981), review denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982), and Mobley v. State, 327 So.2d 900 (Fla. 3d DCA), review denied, 341 So.2d 292 (Fla.1976). The state also argues that since Wortman’s “motion” specifically alluded to subsection (d) of the rule (which relates to discovery depositions), and made no mention of subsection (a), he “has not applied the proper discovery procedure” — hence, the state committed no discovery violation and no Richardson hearing was required.[2] Moreover, says the state, Wortman did not object or move for sanctions per subsection (j) of the rule when the two witnesses were called to the stand by the state at trial.
We reject the state’s reliance on the erroneous allusion to subsection (d) in the defendant’s demand, which was sufficiently clear and explicit to require a response from the prosecutor in regard to witnesses, pursuant to Rule 3.220(a)(l)(i). Nor may the state rely on the failure by Wortman to object at the time the two witnesses testified at trial, as he was entitled to disclosure by the state of the names and addresses of all persons known by the state who had information pertaining to the charge, and not just those the state intended to call at trial. On the record before us, there is no way to determine who those persons, if any, may have been, in addition to the witnesses called at trial.
As we read this record, the defendant moved for discovery pursuant to Rule 3.220(a), the obligatory response by the *766 state was not forthcoming, and this dereliction on the state's part was raised by the defendant on the morning of trial. He did not use the word “objection” but that is what it was — an objection that the state’s discovery failure put him at a disadvantage and that it was too late to correct at that point. The trial court was told by the prosecutor that Wortman’s statement was false in regard to the state’s failure to provide discovery; the prosecutor based this accusation on a feeble effort to classify Wortman’s discovery demand as a motion requiring a hearing and court order, despite the clear wording of Rule 3.220(a) to the contrary.
The trial court, apparently impressed with the prosecutor’s specious argument,[3] ignored the objection as premature, thereby precluding a Richardson hearing. Under the Richardson doctrine, a proper hearing is mandated to determine whether the state’s noncompliance with the discovery rules resulted in prejudice to the defendant. In the absence of such a hearing, reversal is mandated. See Smith v. State, 372 So.2d 86 (Fla.1979); Wilcox v. State, 367 So.2d 1020 (Fla.1979); Cumbie v. State, 345 So.2d 1061 (Fla.1977); Clair v. State, 406 So.2d 109 (Fla. 5th DCA 1981); State v. Snell, 391 So.2d 299 (Fla. 5th DCA 1980).
The Sired and Mobley cases relied upon by the state actually support the appellant. In those cases, the name of a witness, which had been provided to the defense via a pretrial deposition in one case and an arrest report in the other, was omitted from the formal witness list provided to the defendant. In both cases, a comprehensive Richardson inquiry was held, and it was determined by the trial court, in its informed discretion, that the defendant had not been prejudiced. In the instant case, the entire discovery demand was ignored by the state, there was no formal witness list provided, and there was no Richardson inquiry.
The defendant’s remaining point on appeal, which relates to his exclusion from a portion of the trial for misconduct, is moot, and therefore is not considered.
REVERSED FOR NEW TRIAL.
ORFINGER, J., concurs.
COWART, J., dissents, without opinion.

. Richardson v. State, 246 So.2d 771 (Fla.1971).

. Rule 3.220(a)(l)(i) reads, in pertinent part: (a) Prosecutor’s Obligation.
(1) After the filing of the indictment or information, within 15 days after written demand by the defendant, the prosecutor shall disclose to defense counsel ... the following information and material within the state’s possession or control:
(i) The names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto.

. The trial of a criminal case is not a game that prosecutors play, and they must comply with the spirit as well as the letter of the discovery rules.