## STARR v STATE OF FLORIDA
## Case No. 87-1095CF (County Court Case No. 87-2348MT)
Nineteenth Judicial Circuit, Martin County

September 7, 1988

## OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from a conviction in the Martin County Court of the crime of driving under the influence of alcohol or other substance in violation of FS § 316.

Appellant and the State have both waived oral argument.

Appellant raises one point which challenges the trial court's denial of a motion for continuance or in the alternative a motion for issuance of body attachment as a violation of appellant's right to due process under the Florida and United States Constitutions.

In response, the State denies there was error or, alternatively, argues that the alleged error is harmless under the facts of the case. In

support of this harmless error argument, the State alludes to "overwhelming evidence" and "error not prejudicial".

The facts of this case are that appellant was arrested for driving under the influence of alcohol. She refused the breath test for blood alcohol, demanding instead a blood test which was unavailable. The State proceeded at trial on the officer's field sobriety test and videotape of appellant. At trial, appellant's defense was that her low blood sugar medical condition caused symptoms which were mistaken for intoxication. This defense was to have been corroborated by a physician, and appellant had made special arrangements to assure this testimony would be timely. However, during the trial, the physician sent word that he could not testify because he was detained by an emergency. When the trial court denied a continuance, appellant demanded issuance of a body attachment for the physician, which motion was also denied. Appellant was convicted and now appeals.

The State argues that the offer of proof presented by appellant shows that the physician's evidence was substantially the same as the testimony of the defendant. Thus, the State avers, the evidence of the physician was before the jury and was rejected.

As shown by cases relied upon by the State, the decision of a trial judge on a requested continuance commands great deference;[1] however we are considering not only a denial of a continuance but also a denial of compulsory process.

We therefore believe the proper issue is found in the authority presented by the appellant.[2] The essence of these cases is that a defendant has a constitutional right to compulsory process to produce *admissible* evidence. No case shows any qualification other than that the evidence be admissible, material and relevant.

Although the State argues that the physician's testimony would have been cumulative, we doubt that any court would have denied its admissibility. Then, since the appellant had made reasonable effort to assure that the physician would testify, she was entitled to compulsory process for this admissible evidence. To deny both the continuance and the body attachment was error.

This court is instructed on the question of whether the error was

---

[1] *Holman v State,* 347 So.2d 832 (Fla. 3d DCA 1977), *Mobley v State,* 327 So.2d 900 (Fla. 3d DCA 1976)

[2] *Washington v Texas,* 388 U.S. 14, 87 S. Ct. 1920, 18 L.Ed2d 1019 (1967), *Carter v State,* 410 So.2d 552 (Fla. 3d DCA 1982), *Green v State,* 377 So.2d 193 (Fla. 3d DCA 1979)

harmless by *State v DiGuilio*.[3] DiGuilio is a case dealing with a prosecutor's comment on a defendant's right to remain silent and focuses on the effect of such comment rather than evidence impermissibly excluded as alleged in the instant case. It does, however, set the standard for review of whether a constitutional error is harmless.

Under *DiGuilio,* if there is error, the State must show beyond reasonable doubt that the alleged error did not contribute to the verdict.

The physician's evidence was excluded due to constitutional error. Since this court can not say beyond a reasonable doubt that the absence of the physician's testimony did not contribute to the conviction, the error cannot be held to be harmless.[4]

For these reasons, the judgment and sentence appealed are REVERSED.

DONE AND ORDERED this 7th day of September, 1988 in Chambers.

---

[3] *State v DiGuilio,* 491 So.2d 1129 (Fla. 1986) (Harmless-error test puts burden on State to prove beyond reasonable doubt that error did not contribute to verdict. Appellate court does not weight evidence but must closely examine all evidence, especially impermissible evidence with possible influence on jury.) quest. by *Lee v State,* 508 So.2d 1300 (Fla. 1st DCA 1987)

[4] *Roman v State,* Slip Opinion No. 72, 159 (Fla. 19, 1988). *Hall v Dugger,* Slip Opinion, 13 F.L.W. 320 (Fla. May 12, 1988). *Merritt v State,* 523 So.2d 573 (Fla. 1988).