CORRECTED OPINION
SMITH, Senior Judge.
Banks appeals his convictions and sentences for possession of a firearm by a convicted felon (Count I), sale or delivery of cocaine, or possession of cocaine with the intent to deliver (Count III), possession of cocaine (Count IV), resisting arrest without violence (Count V), and possession of drug paraphernalia (Count VI).[1] Count I was severed from the remaining counts and was tried separately. We find reversible error occurred in both trials, and therefore reverse three of appellant’s convictions and remand for a new trial as to these charges.
With regard to the trial on the charge of possession of a firearm by a convicted felon, appellant argues that the lower court erred in failing to allow him to proffer testimony by one of the state’s witnesses, Larry Kozain, concerning when this witness first talked to the prosecutor about appellant’s trial. The state objected to this testimony on relevance grounds, and the lower court sustained the objection. As noted, the defense sought a proffer, but that request was summarily denied.
Generally speaking, all witnesses who testify place their credibility at issue, and the evidence code specifically provides that a party may attack the credibility of a witness by showing a defect of capacity, ability or opportunity in a witness to observe, remember or recount matters about which the witness had testified. § 90.608(4), Fla. Stat. (1991). It would appear, therefore, that the state’s relevance objection was not well taken. More importantly, we cannot from our vantage point review the validity of the state’s objection fairly because the trial court inexplicably denied a proffer. The failure of a lower court to allow a proffer is an issue cognizable on appeal, Jenkins v. State, 547 So.2d 1017 (Fla. 1st DCA 1989), and on the record before us, we must assume error. See, Kembro v. State, 346 So.2d 1083 (Fla. 1st DCA 1977).
We also agree with appellant that the lower court erred in failing to hold a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971). During the testimony of Robert Hawkins, a codefendant who allegedly was with appellant when he purchased or possessed a firearm, Hawkins stated that while in the hotel room, appellant held the gun to Hawkins’ head demonstrating what he was going to do to another person. Appellant objected to this testimony, and moved for a mistrial, on the ground that the facts testified to by Hawkins, involving appellant’s intent to commit a collateral criminal act, were not previously known to the defense. It is well-established that denial of a request to conduct a Richardson hearing is per se reversible error, Smith v. State, 500 So.2d 125 (Fla.1986), and we are unconvinced by the state’s arguments on appeal that an inquiry was not necessary in this case because the prosecution had no way of anticipating this testimony from Hawkins. The questions asked by the prosecution as revealed by the trial transcript suggest that the state was *768 well aware of what Hawkins was going to testify about,[2] and accordingly we agree that a Richardson hearing was required.
As for the second trial on the remaining offenses, appellant raises several issues regarding the general state of the evidence put forth by the prosecution. The evidence established below that appellant, Hawkins, and appellant’s girlfriend Gail Jordan smoked crack cocaine in a hotel room. A witness for the prosecution testified that appellant was the person who brought the cocaine into the room. After appellant and his companions discovered police were in the vicinity looking for them, Hawkins attempted to leave the hotel in appellant’s car. The car was stopped, and a search revealed drug paraphernalia in the car — plastic bags which contained cocaine residue.
As noted, appellant was charged with sale or delivery of cocaine, or possession with intent to sell or deliver in one count, and with possession of cocaine in a separate count. No cocaine was found on appellant’s person nor was any cocaine recovered from the hotel room in which appellant was arrested. While it is true that cocaine residue was found in the car owned by appellant, the car was being driven by Hawkins at the time the car was stopped, and therefore was not in the exclusive possession of appellant. The state’s case, therefore, with respect to the counts charging possession of cocaine and possession of drug paraphernalia relies entirely upon circumstantial evidence on a theory of constructive possession.
At trial, the defense moved for a judgment of acquittal with regard to the drug offenses connected with appellant’s automobile on the ground, among others, that the state failed to demonstrate that the cocaine found in the car was under the exclusive dominion or control of the appellant. On appeal, appellant renews the arguments that the state failed to adequately demonstrate the elements of possession.
We must agree with the argument made on appeal by the appellant. No evidence in the record establishes that the appellant had dominion or control over the cocaine or the paraphernalia in the car at the time of its seizure, or that he knew of its presence, and knew of its illicit nature. See Brown v. State, 428 So.2d 250 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983). Accordingly, we reverse the convictions for possession of cocaine and possession of drug paraphernalia.
As for Count III, sale or delivery of cocaine or possession with intent to sell, we affirm. As to this count, appellant theorizes that the cocaine found in appellant’s car and the cocaine smoked in the hotel room constituted the same quantity of cocaine, and that dual convictions for possession of the same substance cannot stand, citing Rodriguez v. State, 591 So.2d 211 (Fla. 4th DCA 1991). We note the state presented the ease to the jury on the theory that there were two quantities of cocaine. We therefore conclude that a jury issue was presented as to Count III, and we affirm the conviction.
Finally, we note appellant’s contention that the lower court erred when it made the sentence imposed for Count I consecutive to the habitual offender sentence for Count III. See, Hale v. State, 630 So.2d 521 (Fla.1993). Because of our reversal of Count I, we find it unnecessary to determine whether these two *769 offenses were committed during the same criminal episode, which is a matter to be determined by the trial court in the event appellant is convicted on re-trial of Count I and resentenced.
Accordingly, appellant’s conviction for possession of a firearm by a convicted felon, possession of cocaine, and possession of paraphernalia are reversed, and the cause is remanded for a new trial on the charge of possession of a firearm by a convicted felon. Appellant’s convictions for sale or delivery of cocaine, or possession with intent to deliver, and resisting arrest without violence are affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
ZEHMER, C.J., and ERVIN, J., concur.

. Count II pertained to a codefendant and is therefore not at issue in the instant appeal.

. Q. (By Prosecutor) Okay. While [appellant] was wearing the gun, did he ever have it in his hand?
A. Yes.
Q. Did he talk — what did he say about the gun when he had it in his hand?
A. He was just seeing how fast he can draw it out and what he was going to do.
Q. When you say he was talking about what he was going to do, what are you referring to?
A. This person that he — Robert Millhouse, what he was going to do to him.
MR. THOMAS: Your Honor, I object to relevance.
THE COURT: Overruled.
Q. (By Ms. Patterson) To Robert Millhouse?
A. Yeah.
Q. When he had the gun in his hand, can you describe to the jury what actions he made with the gun?
A. Well, he kind of demonstrated on. me. He put the gun up to my head and then stuck it in my mouth.
Q. While he was talking about this Millhouse person?
Q. Yeah.