PER CURIAM.
Jelani Edwards (“defendant”), appeals bis conviction and sentence as an habitual offender, claiming the trial court erred in denying admission of “reverse Williams rule” evidence. We reverse and remand for a new trial.
On March 12, 1999, about midnight, two female employees of Club Mint left work in their car. One employee noticed a Ford SUV with three male occupants following them. Shortly thereafter, the Ford SUV cut them off. Two of the men exited the Ford SUV and confronted the employees, holding them at gunpoint. The two men then drove off in the employee’s car, followed by the third man who drove the Ford SUV.
One of the employees noted the Ford’s license plate and phoned the police. About one hour later, the police stopped the car and the occupants fled. Ultimately, the police apprehended the defendant and found the employee’s stolen items in the Ford. The police did not find the other occupants of the Ford. A short time later, one of the employee’s identified the defendant as the gunman. The defendant was arrested and charged with two counts of armed robbery, one count of aggravated battery with a firearm, one count of armed carjacking and one count of grand theft auto.
While the defendant was incarcerated pending trial, there were multiple extremely similar late night crimes perpetrated on other Club Mint female employees. One case even involved the same victim from the defendant’s present case. The modus-operandi was the same as the crimes for which the defendant was charged.
Understandably, the defendant sought to introduce evidence of these other similar crimes as part of his defense at trial. After all, if he were in jail and these crimes continued to occur, this evidence would gravitate towards showing the defendant’s innocence. The trial court denied his request determining that these crimes were not relevant to his charges. We disagree.
Evidence of other crimes, wrongs or acts is properly admitted when relevant to prove a material fact in issue, but is inadmissible if its sole relevancy is to establish a bad character on the part of the accused. See Williams v. State, 110 So.2d 654 (Fla.1959). It is also well-established that probative evidence tending to prove a defendant’s innocence should be introduced. See Palazzolo v. State, 754 So.2d 731 (Fla. 2d DCA 2000). Furthermore, a defendant may introduce similar fact evidence of other crimes or “reverse Williams rule evidence” for exculpatory purposes. See State v. Savino, 567 So.2d 892 (Fla.1990).
Here, the evidence of similar robberies was relevant and probative to establish the defendant’s innocence. The subsequent robberies were committed on other female employees leaving the same nightclub around the same time of night. The time, location and types of victims were almost identical. The evidence of the other robberies was not proffered to establish the defendant’s bad character, but instead as exculpatory evidence to show that someone else might have committed the crimes. The fact that these robberies occurred while the defendant was incarcerated may raise reasonable doubt about whether or *913 not the defendant committed the crimes for which he was charged.
As the Florida Supreme Court has recognized, reverse Williams rule evidence has a lower potential for prejudice to the State than standard Williams rule evidence has to the defendant, thus, the trial court has somewhat less discretion to exclude reverse Williams rule evidence. See Palazzolo, 754 So.2d at 740.
Applying these principles, we conclude the trial court erred in refusing to admit evidence of similar crimes pursuant to the reverse Williams rule. Accordingly, the case must be reversed and remanded for a new trial.
Reversed and remanded for a new trial.