961 So.2d 381 (2007)
Reinaldo DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2710.
District Court of Appeal of Florida, Fourth District.
August 1, 2007.
Carey Haughwout, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Reinaldo Diaz appeals five convictions arising out of a home invasion robbery. The victims picked Diaz out of a photo line-up. We affirm and write to address one issue.
*382 Diaz contended that he had been misidentified. At trial, defense counsel sought to show one of the victims a photograph of another person to see if the victim would identify that person as the robber. The victim had not previously been shown the photograph. Defense counsel explained that Diaz and a co-defendant were suspects in similar robberies in Dade County. Concerning those robberies, the Miami Dade Police Department had issued a press release with photographs of another suspect, a fired Hialeah police officer. Defense counsel hoped to "get lucky" and have the witness identify the former officer as the person who robbed her. The trial court examined the former officer's photograph and observed that there was a resemblance between the former officer and Diaz. The trial court denied the defense request to show the photograph to the victim.
There was an insufficient basis to offer the photograph as reverse Williams[1] rule evidence. But cf. Edwards v. State, 857 So.2d 911 (Fla. 3d DCA 2003). We do not reach the issue of whether the trial court abused its discretion in refusing to allow an in-court eyewitness identification procedure. See U.S. v. Domina, 784 F.2d 1361, 1369 (9th Cir.1986); U.S. v. Bennett, 675 F.2d 596, 598 (4th Cir.1982); State v. Smith, 200 Conn. 465, 512 A.2d 189, 194 (1986); Commonwealth v. Jones, 362 Mass. 497, 287 N.E.2d 599, 602 (1972). Defense counsel did not request to proffer the photograph to the witness outside the presence of the jury. Compare Rozier v. State, 636 So.2d 1386, 1387-88 (Fla. 4th DCA 1994); Banks v. State, 648 So.2d 766 (Fla. 1st DCA 1994); Kembro v. State, 346 So.2d 1083 (Fla. 1st DCA 1977). Without knowing the witness's response to the photograph, we cannot evaluate the trial court's ruling.
Affirmed.
WARNER, GROSS and TAYLOR, JJ., concur.
NOTES
[1] See Williams v. State, 110 So.2d 654 (Fla. 1959).