PER CURIAM.
Appellant challenges his conviction for lewd and lascivious molestation on a child between the ages of 12 and 16. We find no error by the trial court in prohibiting Appellant from introducing evidence that the -victim previously had made a false allegation of sexual abuse against another individual. However, we find the trial court erred by allowing the State to introduce evidence of the victim’s prior consistent statements made in text messages she sent to two individuals after her alleged motive to fabricate arose. Because the evidence did not qualify under the hearsay exception for introducing prior consistent statements, and because- the court’s error cannot be considered harmless, we reverse Appellant’s conviction and remand for a new trial.
The indictment filed against Appellant alleged that he molested the victim between February 1, 2010, and April 27, 2011. At trial, the victim testified to three *1027 incidents[1] in which Appellant, her uncle, molested her. The first occurred during a weekend stay at the home of Appellant and his family; the other incidents occurred after she had moved in with them. The victim testified that after each incident, she “texted” her boyfriend to tell him what happened. She also confided in a church counselor by text message following the third incident. The counselor, in turn, reported the information to the Department of Children and Families, who sent an investigator the following day to interview the victim.
Appellant testified that the victim began living with him and his family in early March 2011. He testified he was a strict disciplinarian, often raised his voice to his children and to the victim, and was quick to lose his temper. He said his relationship with the victim started to deteriorate “just two weeks or so prior to my arrest,” with the victim frequently arguing with him. Appellant described an “ugly” argument between them two or three days before the arrest. The argument concerned a boy whom the victim had invited to the house without permission, he believed, and when he demanded to know more about the boy, an argument ensued. Appellant testified he told the victim he would no longer let her live in his home if she did not obey his rules. Defense counsel focused on this incident when cross-examining the victim, in addition to questioning her about inconsistencies in her testimony.
Asserting a need to rebut an implied charge that the victim fabricated the molestation claims, the State sought to introduce evidence of the victim’s prior consistent statements — the text messages to her boyfriend and to the church counselor. The trial court granted the State’s request, finding the evidence admissible to refute the defense’s claim of “recent fabrication predicated upon a diminishing relationship with the uncle.” Thereafter, the boyfriend testified that the victim texted him after each incident, telling him about the molestation. The church counselor testified she received a message from the victim in late April 2011 saying Appellant was making her “uncomfortable,” and that the victim confirmed, when asked, that Appellant had touched her “inappropriately.”
Evidentiary rulings are reviewed for abuse of discretion. See generally Johnson v. State, 969 So.2d 938, 949 (Fla.2007). But such rulings must comply with the Evidence Code and associated case law. See id.; Ortuno v. State, 54 So.3d 1086, 1088 (Fla. 1st DCA 2011).
Prior consistent statements, which normally would be inadmissible hearsay, are admissible if “offered to rebut an express or implied charge against the declarant of improper influence, motive, or recent fabrication^]” § 90.801(2)(b), Fla. Stat. (2011). To be admissible under section 90.801(2)(b), “the [consistent] statement must have been made ‘prior to the existence of a fact said to indicate bias, interest, corruption, or other motive to falsify.’” Ortuno, 54 So.Sd at 1088-89 (quoting Preston v. State, 470 So.2d 836, 837 (Fla. 2d DCA 1985)). “A prior consistent statement is not admissible under section 90.801(2)(b) ‘merely because the opposing lawyer has attacked the credibility of the witness or challenged the truthfulness of the statement given by the witness at trial.’” J.B.J. v. State, 17 So.3d 312, 318 (Fla. 1st DCA 2009) (quoting Monday v. State, 792 So.2d 1278, 1280 (Fla. 1st DCA 2001)). “In general, prior consistent statements of a witness are inadmissible to *1028 corroborate or bolster the witness’ trial testimony.” Jenkins v. State, 547 So.2d 1017, 1020 (Fla. 1st DCA 1989). Indeed, “[a] witness’ credibility is always an issue at trial, and a general attack on that credibility does not satisfy the hearsay exception rule.” Id. at 1021.
Here, Appellant explicitly raised a charge of fabrication by the victim, offering his strict parenting style, the broken relationship between himself and the victim, and their “ugly” argument as motives for falsely accusing him of molestation. Thus, the circumstances supporting a motive to fabricate arose as early as March 2011, when the victim moved in with Appellant and his family. Accordingly, only the consistent statement she made before that time-the first text message to her boyfriend during a weekend stay with Appellant-was admissible under section 90.801(2)(b). See Ortuno, 54 So.3d at 1088-89. Neither the text messages to the boyfriend after the victim moved in with Appellant, nor the April 2011 text message to the church counselor, should have been admitted as prior consistent statements; they served only to bolster the victim’s credibility.
Because the victim’s testimony was the State’s only evidence against Appellant, the case turned on her credibility. As such, we cannot deem the trial court’s error in admitting the prior consistent statements harmless. Accordingly, we reverse Appellant’s conviction and remand for a new trial.
REVERSED and REMANDED.
ROBERTS, WETHERELL, and MARSTILLER, JJ., concur.

. The victim also testified that at some time prior to the alleged molestations, Appellant had entered her bedroom and leaned over her as she lay in bed, but did not touch her.